1  Ashley B. Beagle (State Bar No. 279710)
   abeagle@wshblaw.com
2  **WOOD, SMITH, HENNING & BERMAN LLP**
   21804 Cactus Avenue, Suite 200
3  Riverside, California 92518-3010
   Phone: 951 779 5000 ♦ Fax: 951 755 1650
4
5  Attorneys for SWIFT TRANSPORTATION CO. OF ARIZONA LLC; a Limited Liability
   Corporation, MAURILIO VELAZQUEZ; an individual
6
7
8                    **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
10

| | |
|---|---|
| 11 ALFREDO LOZANO, an individual; and MILAGRO LOZANO, an individual; , | Case No. |
| 12 | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT: DECLARATION OF ASHLEY B. BEAGLE IN SUPPORT THEREOF** |
| 13 Plaintiffs, | |
| 14 v. | [Assigned for All Purposes to Judge William A. Crowfoot, Dept. 27] |
| 15 SWIFT TRANSPORTATION CO. OF ARIZONA LLC; a Limited Liability Corporation, MAURILIO VELAZQUEZ; an individual, and DOES 1 TO 100 inclusive;, | Action Filed:    02/14/2022 |
| 16 | Trial Date:    08/14/2023 |
| 17 Defendants. | |

18

19      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

20  THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND

21  THEIR ATTORNEYS OF RECORD:

22      PLEASE TAKE NOTICE that on March 24, 2022, based on the following

23  allegations, Defendants SWIFT TRANSPORTATION CO. OF ARIZONA LLC and

24  MAURILIO VELAZQUEZ, hereby remove the above-referenced action from the

25  Superior Court of the State of California, County of Los Angeles, to the United

26  States District Court for the Central District of California, pursuant to 28 U.S.C. §§

27  1332, 1441, and 1446 and *Federal Rules of Civil Procedure*, Rule 81(c), based on

28  diversity of citizenship jurisdiction.

23919495.1:05742-0092

## I.  STATEMENT OF FACTS ENTITLING DEFENDANTS TO REMOVAL

1.      The action pending in the Superior Court of the State of California in and for the County of Los Angeles, entitled <u>Alfredo Lozano, et al. v. SWIFT TRANSPORTATION CO. OF ARIZONA LLC, et. al.</u>, Case No. 22STCV05383, was commenced on February 14, 2022.

2.      SWIFT TRANSPORTATION CO. OF ARIZONA LLC ("SWIFT") was served with the Complaint on February 22, 2022.  A true and correct copy of the Complaint is attached hereto and marked as **Exhibit "1."**

3.      MAURILIO VELAZQUEZ ("VELAZQUEZ") was served with the Complaint on February 28, 2022.

4.      Copies of the pleadings and other papers served on the removing defendants, SWIFT and VELAZQUEZ in the above-described action are appended to this Notice of Removal as required by 28 U.S.C. § 1446.

5.      As the appended record demonstrates, the action pending in the state court is a civil action within the original diversity jurisdiction of the federal district courts under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the litigants and the amount in controversy exceeds $75,000.

## II.  TIMELINESS OF REMOVAL

1.      Service of process was effected upon defendant, VELAZQUEZ on February 22, 2022. Because this Notice of Removal was filed within thirty days of service of the Complaint on VELAZQUEZ, this Notice is timely. 28 U.S.C. § 1446(b).

## III.  DIVERSITY OF CITIZENSHIP

1.      Plaintiff ALFREDO LOZANO is a citizen of the State of California.

2.      Plaintiff MILAGRO LOZANO is a citizen of the State of California.

3.      Defendant, SWIFT was at the time of the filing of this action and at the time of this removal, a citizen of the State of Arizona within the meaning of 28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

U.S.C. § 1332(c)(1), because it is a business entity incorporated under the laws of the State of Arizona, with its principal place of business located at Phoenix, Arizona.

3.      Defendant, VELAZQUEZ is now, and was at the time of the filing of this action a citizen of the State of Arizona, County of Maricopa.

4.      The presence of DOE defendants in this case has no bearing on diversity with respect to removal.  28 U.S.C. § 1441(b)  ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").

## IV.   AMOUNT IN CONTROVERSY

1.      While defendants, SWIFT and VELAZQUEZ deny liability for Plaintiffs' claims, the amount in controversy requirement is satisfied because it is "more likely than not" that the amount in controversy in this personal injury action exceeds the jurisdictional limit of $75,000.  Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 862 (9th Cir. 1996) (internal citations omitted).

2.      Plaintiffs filed an Unlimited Civil Case in Superior Court where the amount demanded exceeds $25,000, and claim that Plaintiff ALFREDO LOZANO sustained serious injuries such that he has incurred in the past and will incur in the future, general and special damages.  (See Exhibit "1" at ¶ 27.)  Plaintiffs seek damages including : (1) wage loss, (2) loss of consortium damages, (3) hospital and medical expenses, (4) general damages, and (5) loss of earning capacity.  (See Exhibit "1".)  Accordingly, the Complaint itself is sufficient evidence to establish that it is more likely than not that the amount in controversy exceeds the jurisdictional amount of $75,000, pursuant to 28 U.S.C. § 1332(a).

4.      Because this action involves citizens of different states, and the amount-in-controversy exceeds $75,000, the requirements for removal under 28 U.S.C. §§ 1332(a) and 1441(a) are satisfied and this Court has original jurisdiction.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

**V.    JURISDICTION**

1.    Per the above, this Court has jurisdiction based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

**VI.    VENUE**

1.    Venue lies in the Central District pursuant to 28 U.S.C. §§ 84(c)(2), 1441(a) and 1446(a).  Neither Defendant SWIFT nor Defendant VELAZQUEZ are citizens of California.  As such, pursuant to <u>Code Civ. Proc.</u>, § 395(a), this action was originally brought in the Superior Court of the State of California, County of Los Angeles.  ("If none of the defendants reside in the state…the action may be tried in the superior court in any county that the plaintiff may designate in his or her complaint").  The Superior Court in which this action was originally brought is geographically located within this Court's district.

**VII.    JOINDER IN REMOVAL**

1.    Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA LLC and MAURILIO VELAZQUEZ jointly consent to the removal of this action to this Court pursuant to 28 U.S.C. §1446(b)(2)(C).

**VIII.    NOTICE TO STATE COURT**

1.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by law.

**IX.    CONCLUSION**

1.    Because the state court action is one within the diversity jurisdiction of the federal district courts, the action is removable to federal court under 28 U.S.C. § 1441(a) and (b) because no defendant is a citizen of the State of California.

2.    Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty days of service of process of the Complaint upon Defendant, VELAZQUEZ.  Removal is also timely because this Notice of Removal is filed not more than one year after the action was commenced in the state court.

1    3.    Therefore, Defendants, SWIFT and VELAZQUEZ respectfully request

2   that the above action now pending before the Superior Court of the State of

3   California for the County of Los Angeles, be removed to this Court.

4

5   DATED:  March 24, 2022              WOOD, SMITH, HENNING & BERMAN LLP

6

7                                       By: _____

8                                             ASHLEY B. BEAGLE

9                                       Attorneys for SWIFT TRANSPORTATION CO. OF
                                        ARIZONA LLC; a Limited Liability Corporation,
10                                      MAURILIO VELAZQUEZ; an individual

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

### DECLARATION OF ASHLEY B. BEAGLE

I, Ashley B. Beagle, declare as follows:

1.    I am an attorney at law duly admitted to practice before the courts of the State of California.  I am a partner with WOOD, SMITH, HENNING & BERMAN LLP, attorneys of record for Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA LLC and MAURILIO VELAZQUEZ.  I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2.    This Declaration is made in support of Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA LLC and MAURILIO VELAZQUEZ's Notice of Removal to Federal Court.

3.    SWIFT TRANSPORTATION CO. OF ARIZONA LLC ("SWIFT") was served with the Complaint on February 22, 2022.

4.    MAURILIO VELAZQUEZ ("VELAZQUEZ") was served with the Complaint on February 28, 2022.

5.    Attached hereto as **Exhibit "1"** is a true and correct copy of the Summons, Complaint, Civil Case Cover and Notice of Case Assignment filed by Plaintiffs and served on Defendant MAURILIO VELAZQUEZ.  These are the only process, pleadings and orders served upon Defendant, MAURILIO VELAZQUEZ in this action.

6.    Attached hereto as **Exhibit "2"** is a true and correct copy of the Answer that will be filed concurrently with the Notice of Removal on behalf of Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA LLC and MAURILIO VELAZQUEZ in the Superior Court of California, Los Angeles.

7.    SWIFT TRANSPORTATION CO. OF ARIZONA LLC is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. § 1332(c)(1), because it is a business entity

incorporated under the laws of the State of Arizona, with its principal place of business in the State of Arizona, specifically Phoenix, Arizona.

8.      MAURILIO VELAZQUEZ is now, and was at the time of the filing of this action , a citizen of a State other than California within the meaning of 28 U.S.C. § 1332(a)(1), because Mr. VELAZQUEZ is a citizen of the United States and is domiciled within State of Arizona, County of Maricopa.

9.      I will facilitate a true and correct copy of this Notice of Removal be promptly served on the Plaintiffs and filed with the Clerk of the Superior Court of the State of California, Los Angeles, Central District, as required by law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 24, 2022, at Riverside, California.

_____
Ashley B. Beagle

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

# **<u>EXHIBIT 1</u>**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/14/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:22-cv-01953-FLA-SK    Document 1-1    Filed 03/24/22    Page 9 of 41    Page ID #:13

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SWIFT TRANSPORTATION CO. OF ARIZONA LLC; a Limited Liability Corporation,
MAURILIO VELAZQUEZ; an individual, and DOES 1 TO 100 inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALFREDO LOZANO, an individual; and MILAGRO LOZANO, an individual;

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Spring Street Courthouse<br>312 North Spring Street<br>Los Angeles CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV05383 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Giancarlo Mendez 3238381444
5440 E, Beverly Blvd. Los Angeles CA 90022

| DATE:<br>*(Fecha)* 02/14/2022 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by _____ N. Alvarez _____ , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

---



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

           ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 02/14/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:22-cv-01953-FLA-SK    Document 1    Filed 03/24/22    Page 10 of 41    Page ID #:14

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Crowfoot

**MENDEZ & SANCHEZ, A.P.C.**
MICHAEL A. SANCHEZ, ESQ. (SBN: 303005)
 *msanchez@mswlegal.com*
GIANCARLO MENDEZ, ESQ. (SBN: 306961)
 *gmendez@mswlegal.com*
ARYA TAHMASSEBI, ESQ. (SBN: 327610)
 *arya@mswlegal.com*
5440 E. Beverly Blvd.
Los Angeles, California 90022-2208
Telephone No.: (323) 838-1444
Facsimile No.: (323) 838-1226

Attorneys for Plaintiff,
ALFREDO LOZANO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES—SPRING STREET COURTHOUSE

| | |
|---|---|
| ALFREDO LOZANO, an individual; and MILAGRO LOZANO, an individual; | Case No.: 22STCV05383 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. NEGLIGENCE/NEGLIGENCE PER SE**<br>**2. NEGLIGENT ENTRUSTMENT** |
| SWIFT TRANSPORTATION CO. OF ARIZONA LLC; a Limited Liability Corporation, MAURILIO VELAZQUEZ; an individual, and DOES 1 TO 100 inclusive; | **3. NEGLIGENT HIRING AND SUPERVISION**<br>**4. LOSS OF CONSORTIUM** |
| Defendants, | **DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiffs ALFREDO LOZANO, an individual; and MILAGRO LOZANO, an individual; complains against Defendants SWIFT TRANSPORTATION CO. OF ARIZONA LLC; a Limited Liability Corporation, MAURILIO VELAZQUEZ; an individual, and DOES 1 TO 100, and each of them, as follows:

## PARTIES

1.     Plaintiff ALFREDO LOZANO (hereinafter "LOZANO"), is, and at all times herein mentioned was, an individual residing in County of Los Angeles, State of California.

---

1

**COMPLAINT FOR DAMAGES**

2.     Plaintiff MILAGRO LOZANO, (hereinafter "MILAGRO") is, and at all times herein mentioned was, an individual residing in County of Los Angeles, State of California.

3.     Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA LLC (hereinafter "SWIFT" or "Defendants") is, and at all times herein mentioned was, a limited liability company under the law of Arizona. Defendant SWIFT does business in the State of California, and maintains offices in Southern California.

4.     DEFENDANT MAURILIO VELAZQUEZ (hereinafter "VELAZQUEZ"), is, and at all times herein mentioned was, an individual residing in County of Los Angeles, State of California.

5.     At all times mentioned, Plaintiff LOZANO was operating a red, 2003 Toyota Camry bearing California License Plate No. 8MQZ732 (hereinafter "Plaintiff's Vehicle").

6.     At all times herein, mentioned Defendant VELAZQUEZ was the driver of the gold, 2013 KW Tractor Semi-truck, bearing Indiana License Plate No. 2104161 ("hereinafter Defendant's Vehicle") and a 2016 Trailer Bearing Indiana License Plate No. P450231 which was owned by SWIFT, and was leased, maintained, controlled, and operated by Defendant SWIFT and DOES 1 through 100.

7.     Defendants SWIFT, VELAZQUEZ, and DOES 1 TO 100, inclusive, and each of them, were agents, alter egos, servants, employees, successor- in-interest, and/or joint venturers of their co-Defendants, and were, as such, acting in the course, scope, and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, training and supervision of each and every other defendant as an agent, servant, employee, successor-in-interest and/or joint-venturer. Plaintiff is further informed and believe, and thereon allege, that at all times herein relevant, Defendant, VELAZQUEZ was acting in the course and scope of his duties for his employer, SWIFT.

8.     Plaintiff is informed and believes and thereon alleges that each of the factiously named defendants are negligently responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by Defendants' negligence.

2

**COMPLAINT FOR DAMAGES**

9. At all times mentioned herein, Defendants SWIFT, VELAZQUEZ, and DOES 1 TO 100, Inclusive, and each of them, owed a duty of care to the public, to operate its motor vehicles in a safe and legal manner, and in a manner that would minimize the risk of injury to other uses of the road, including Plaintiff, LOZANO.

## VENUE

10. Venue is proper because the place of injury and loss occurred in the City of Irwindale, which is within the County of Los Angeles. Venue is proper because this is a civil action wherein the matter in controversy, exclusive of interests and costs, exceeds the jurisdictional minimum of the Court.

## COMMON ALLEGATIONS

11. This lawsuit arises out of an automobile collision which occurred on or about February 5, 2021, at approximately 1:05 p.m., on the I-210 Westbound in Irwindale, CA, when Defendant VELAZQUEZ made an unsafe lane-change causing a collision with Plaintiff's Vehicle ("Subject Crash").

12. Prior to the collision, Plaintiff LOZANO had been travelling westbound on the I-210 freeway in the number four lane. Defendant VELAZQUEZ had been travelling in the same direction on the I-210 in the number three lane. Defendant VELAZQUEZ failed to yield to Plaintiff LOZANO when he made the unsafe lane-change, and slammed into the back left side of Plaintiff LOZANO's vehicle, causing Plaintiff LOZANO's vehicle to spin out of control.

13. Due to the impacts, Plaintiff LOZANO suffered severe bodily injuries to his person. Additionally, Plaintiff LOZANO sustained major damage to his automobile with the crash resulting in a total loss of the vehicle.

14. At all relevant times mentioned herein, Plaintiff LOZANO is informed and believes, and thereon alleges, that Defendant VELAZQUEZ was acting within the course and scope of his employment with Defendants SWIFT, and Does 1 through 49, and each of them, and as a result, they are vicariously liable for the actions of Defendant VELAZQUEZ.

15. Defendant VELAZQUEZ was at all relevant times negligently operating and controlling Defendant's Vehicle with the consent, permission, and knowledge of Defendant

**COMPLAINT FOR DAMAGES**

SWIFT, and Does 1 through 100, by among other things, making an unsafe lane-change, in violation of *California Vehicle Code Section 21658*; and failing to yield to another vehicle so closely as to constitute an immediate hazard, in violation of *Vehicle Code Section 21802*. Defendant VELAZQUEZ' actions were a substantial factor in causing the Subject Crash.

16.    Plaintiff is informed and believes and based thereon alleges that Defendant SWIFT and DOES 50 through 75, were the owners of Defendant's Vehicle operated by Defendant VELAZQUEZ. Defendant SWIFT and Does 1 through 100 knew, or should have known, that Defendant VELAZQUEZ was incompetent or unfit to operate Defendant's Vehicle but nevertheless allowed Defendant VELAZQUEZ to operate said vehicle. Defendant VELAZQUEZ' incompetence or unfitness to operate Defendant's Vehicle was a substantial factor in causing harm to Plaintiff LOZANO.

17.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, each of the Defendants was the agent, partner, co-conspirator, servant, employer, and/or employee of each other, as well as each of their co-Defendants, and in doing the things alleged herein, were acting within the course and scope of that agency, partnership, conspiracy, and/or employment and with the permission and consent of each of their co-Defendants, and were, in some way, negligently or otherwise, responsible for the events herein alleged.

18.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, each of the Defendants were responsible in some manner for the events and happenings herein referred to as a result of the negligence, statutory liability, nondelegable duty, vicarious liability, or other basis which resulted in the injuries sustained by Plaintiff.  Plaintiff sustained injury and damages proximately caused by Defendants, and each of them, at all relevant times, as a result of Defendants' negligence, action, inaction, ownership, maintenance, negligent entrustment, and operation, of their respective entities and duties.

///

///

///

///

**COMPLAINT FOR DAMAGES**

**FIRST CAUSE OF ACTION**

(**Negligence/Negligence Per Se**)

**(By Plaintiff LOZANO Against Defendants SWIFT, VELAZQUEZ, And DOES 1 through 49)**

19.     Plaintiff LOZANO incorporates herein the allegations of paragraphs 1 through 17 as though fully set forth herein.

20.     Defendants VELAZQUEZ, SWIFT, and Does 1 through 49, and each of them, owed a duty to exercise reasonable care in driving and/or entrusting a vehicle, including but not limited to keeping a lookout for other vehicles, controlling the speed and movement of Defendant's Vehicle, turning when it was reasonably safe to do so, stopping at a stop sign, and yielding to other motor vehicles that have the right of way when approaching a stop sign. Defendants, and each of them, were negligent in failing to exercise said reasonable car prior to, and at the time of the Subject Crash as described herein.

21.     Defendants VELAZQUEZ, SWIFT, and Does 1 through 49, and each of them, owed a duty of care to all reasonably foreseeable people, including but not limited to Plaintiff LOZANO, to own, operate, lease, drive, entrust, manage, maintain, control, service, repair, and/or inspect, Defendant's Vehicle in a reasonable safe manner.

22.     Defendants VELAZQUEZ, SWIFT, and Does 1 through 49, and each of them, breached said duty when they negligently owned, operated, leased, drove, entrusted, managed, maintained, controlled, serviced, repaired and/or inspected Defendant's Vehicle. Defendants VELAZQUEZ and SWIFT breached said duty when Defendant VELAZQUEZ made an unsafe lane-change and/or failed to yield to other motor vehicles when attempting to make this turn and collided into Plaintiff LOZANO.

23.     Defendants VELAZQUEZ, and Does 1 through 49, and each of them, breached said duty and was negligent per se by operating Defendant's Vehicle in violation of relevant codes and/or statutes, including but not limited to Vehicle Code §§ 21658 and 21802, cited above.

24.     Plaintiff LOZANO is a member of the class of persons these Vehicle Code sections were designed to protect.

**COMPLAINT FOR DAMAGES**

25. Plaintiff LOZANO's serious injuries resulted directly from an occurrence which the specified Vehicle Code sections were designed to prevent.

26. As a direct and legal result of the negligence, carelessness and other tortious, unlawful and wrongful acts and conduct of Defendants VELAZQUEZ, SWIFT, and DOES 1 through 49, and of their respective agents, servants, employees and authorized representatives as aforesaid, Plaintiff LOZANO was required to and did obtain necessary medical and hospital care and services and did incur medical, incidental, and service expenses thereupon. Plaintiff LOZANO is informed and believes and thereon alleges that he will need future medical treatment.

27. As a direct and legal result of Defendants VELAZQUEZ, SWIFT, and DOES 1 through 49, breach of duties owed to Plaintiff LOZANO and others, Plaintiff LOZANO sustained serious injuries and has incurred in the past, and will incur in the future, general and special damages in an amount to be determined by the trier of fact in excess of the jurisdictional minimum of this Court.

28. As a direct and legal result of the negligence, carelessness and other tortious, unlawful and wrongful acts and conduct of Defendants VELAZQUEZ, SWIFT, and DOES 1 through 49, and each of them, Plaintiff LOZANO has been injured in his health, strength and activities. Said injuries have caused and will continue to cause Plaintiff LOZANO physical pain, emotional distress, humiliation, fear, embarrassment, and other pain and suffering. The aforementioned injuries have generally damaged Plaintiff LOZANO in a sum well in excess of the jurisdictional minimum of this Court.

29. As a direct and legal result of the negligence, carelessness and other tortious, unlawful and wrongful acts and conduct of the Defendants VELAZQUEZ, SWIFT, and DOES 1 through 49, and each of them, and by reason of his injuries, Plaintiff LOZANO has been and will be prevented and/or limited in following an occupation or profession and has therefore suffered past and future loss of earnings and diminution of earning capacity in an amount to be determined by the trier of fact.

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### (**Negligent Entrustment**)

### **(By Plaintiff LOZANO Against Defendants SWIFT, and DOES 50 through 75)**

30.    Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

31.    At all relevant times, Defendant VELAZQUEZ was the operator of Defendant's Vehicle. As alleged herein, at all relevant times Defendant VELAZQUEZ was negligent in operating Defendant's Vehicle.

32.    At all relevant times, Defendants, SWIFT, and Does 50 through 75, were the owners and lessors of Defendant's Vehicle.

33.    Defendants, SWIFT, and Does 50 through 75, and each of them, gave permission, by words and/or conduct, to Defendant VELAZQUEZ to use Defendant's Vehicle. At all relevant times Defendant VELAZQUEZ' use of Defendant's Vehicle was within the time, place, or purpose of such permission.

34.    At all relevant times, Defendants, SWIFT, and Does 50 through 75, and each of them, knew or should have known that Defendant VELAZQUEZ was incompetent or unfit to operate Defendant's Vehicle but nevertheless allowed Defendant VELAZQUEZ to operate Defendant's Vehicle.

35.    Defendant VELAZQUEZ' incompetence and unfitness to operate Defendant's Vehicle was a substantial factor in causing Plaintiff LOZANO's injuries and damages.

36.    As a direct and legal result of the breach of Defendants, SWIFT and Does 50 through 75, and each of them, Plaintiff LOZANO was injured and suffered damages, as set forth herein.

37.    As a direct and legal result of the negligent entrustment on behalf of Defendants, SWIFT and Does 50 through 75, and each of them, Plaintiff suffered damages, as set forth herein.

///

///

///

///

**COMPLAINT FOR DAMAGES**

### THIRD CAUSE OF ACTION

### (NEGLIGENT HIRING AND SUPERVISION)

### (By Plaintiff LOZANO Against Defendants SWIFT and DOES 76 through 100)

38.    Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

39.    At all times herein mentioned, Defendant VELAZQUEZ was the agent and/or employee of Defendants, SWIFT and DOES 76-100, inclusive and each of them, and in doing the things herein alleged was acting within the course and scope of such agency and employment. Plaintiff is informed and believes and thereon alleges that on February 5, 2021, Defendants, SWIFT and/or DOES 76 through 100, inclusive, and each of them, were businesses or individuals who furnished services to the public.  As such, said Defendants had a duty to members of the public such as Plaintiff, to reasonably and adequately hire, retain, and supervise their employees, in such a manner as to ascertain that employees would conduct themselves in a reasonable, professional, lawful, and acceptable manner.

40.    Defendants, SWIFT and DOES 76 through 100, and each of them, inadequately and negligently interviewed, hired, trained, supervised, evaluated, reviewed, and disciplined Defendant VELAZQUEZ and negligently and inadequately evaluated and disciplined his employment, job performance, qualifications to drive and/or inspect the Subject Vehicle, in compliance with the state and federal law.

41.    As a proximate result of the conduct, acts, and omissions of Defendants, SWIFT and DOES 76 through 100, and each of them, Plaintiff LOZANO sustained serious injuries and suffered damages, as set forth herein.

///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

### (LOSS OF CONSORTIUM)

### (By Plaintiff MILAGRO Against Defendants SWIFT,
### VELAZQUEZ and DOES 76 through 100)

42.   Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

43.   At all relevant times, Plaintiff LOZANO and Plaintiff MILAGRO were a lawfully married couple.

44.   By reason of the wrongful conduct and breaches of duty alleged herein, Plaintiff MILAGRO suffered personal injuries.

45.   Befofre suffering the subject injuries, Plaintiff LOZANO was able to and did perform all of the duties of a spouse, including providing household services, love, companionship, comfort, care, assistance, protection, affection, society, moral support, and sexual relations to Plaintiff MILAGRO.

46.   As a direct and proximate result of the subject injuries, Plaintiff LOZANO has been unable to full perform these duties and will be unable to fully perform them in the future.

47.   As a legal result of Defendants' conduct, Plaintiff MILAGRO has been, is, and will be deprived of her husband's support, services, love, companionship, affection, society, sexual relations, solace, financial support, and emotional support and will continue to suffer similar damages in the future by reason of the permanent nature of Plaintiff's LOZANO's injuries, all to her damages in a sum within the jurisdictional limits of this court.

///
///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR DAMAGES**

**WHEREFORE PLAINTIFFS LOZANO AND MILAGRO PRAYS** for judgment against Defendants, and each of them, as follows:

1. For past and future special damages;

2. For past and future general damages;

3. For pre and post judgement interest allowable by law;

4. For costs of suit incurred herein;

5. For such other and further relief as the court may deem just and proper.

February 8, 2022                                **MENDEZ & SANCHEZ, A.P.C.**

By: _____
    MICHAEL SANCHEZ, ESQ.
    GIANCARLO MENDEZ, ESQ.
    ARYA TAHMASSEBI, ESQ.
    **MENDEZ & SANCHEZ, A.P.C.**
    Attorneys for Plaintiff,
    ALFREDO LOZANO and
    MILAGRO LOZANO

10

**COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

Plaintiffs Alfredo Lozano and Milagro Lozano hereby demand, as a matter of right, trial by jury in this case on all causes of action.

February 8, 2022                              **MENDEZ & SANCHEZ, A.P.C.**


By: _____
       MICHAEL SANCHEZ, ESQ.
       GIANCARLO MENDEZ, ESQ.
       ARYA TAHMASSEBI, ESQ.
       **MENDEZ & SANCHEZ, A.P.C.**
       Attorneys for Plaintiff,
       ALFREDO LOZANO and
       MILAGRO LOZANO

11

**COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/14/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:22-cv-01953-FLA-SK   Document 1   Filed 03/24/22   Page 21 of 41   Page ID #:25

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
**Giancarlo Mendez 306961**
**Mendez & Sanchez**
**5440 E, Beverly Blvd. Los Angeles CA 90022**
TELEPHONE NO.: **3238381444**   FAX NO. *(Optional):* **3238381226**
E-MAIL ADDRESS: **gmendez@mswlegal.com**
ATTORNEY FOR *(Name):* **ALFREDO LOZANO**

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: **312 North Spring Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles 90012**
BRANCH NAME: **Spring Street Courthouse**

CASE NAME:
**LOZANO ET AL., V. SWIFT TRANSPORTATION CO. OF ARIZONA LLC, ET AL.**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **22STCV05383** |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☑ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* **Four (4)**
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: **2/11/2022**

**Giancarlo Mendez**
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE:<br>**LOZANO ET AL., V. SWIFT TRANSPORTATION CO. OF ARIZONA LLC, ET AL.** | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☑ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: LOZANO ET AL., V. SWIFT TRANSPORTATION CO. OF ARIZONA LLC, ET AL. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| LOZANO ET AL., V. SWIFT TRANSPORTATION CO. OF ARIZONA LLC, ET AL. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>LOZANO ET AL., V. SWIFT TRANSPORTATION CO. OF ARIZONA LLC, ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>Interstate 210 Westbound,<br>Irwindale, California |
|---|---|
| CITY:<br>Irwindale | STATE:<br>CA | ZIP CODE:<br>91006 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated:  2/11/2022_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/14/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV05383 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William A. Crowfoot | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/14/2022
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# **EXHIBIT 2**

1  Ashley B. Beagle (State Bar No. 279710)
   abeagle@wshblaw.com
2  Mohammad Tabel (State Bar No. 333468)
   mtabel@wshblaw.com
3  **WOOD, SMITH, HENNING & BERMAN LLP**
   21804 Cactus Avenue, Suite 200
4  Riverside, California 92518-3010
   Phone: 951 779 5000 ♦ Fax: 951 755 1650
5
   Attorneys for SWIFT TRANSPORTATION CO. OF ARIZONA LLC; a Limited Liability
6  Corporation, MAURILIO VELAZQUEZ; an individual
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

| | |
|---|---|
| 11  ALFREDO LOZANO, an individual; and MILAGRO LOZANO, an individual; , | Case No. 22STCV05383 |
| 12 | **DEFENDANTS SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. AND MAURILIO VELAZQUEZ'S ANSWER TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL** |
| 13      Plaintiffs, | |
| 14      v. | |
| 15  SWIFT TRANSPORTATION CO. OF ARIZONA LLC; a Limited Liability Corporation, MAURILIO VELAZQUEZ; an individual, and DOES 1 TO 100 inclusive;, | [Assigned for All Purposes to Judge William A. Crowfoot, Dept. 27] |
| 16 | Action Filed:        02/14/2022 |
| 17      Defendants. | Trial Date:        08/14/2023 |

19        COMES NOW Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and

20  MAURILIO VELAZQUEZ (hereinafter collectively referred to as "Defendants"), and answering

21  the Complaint on file herein, for themselves alone and no other Defendants, answer Plaintiffs

22  ALFREDO LOZANO and MAURILIO LOZANO'S (hereinafter collectively referred to as

23  "Plaintiffs") Complaint as follows:

24                    **GENERAL DENIAL**

25        1.        Pursuant to the provisions of California <u>Code of Civil Procedure</u>, § 431.30(d), these

26  answering Defendants deny generally and specifically each, every, and all of the allegations of

27  said Complaint in the whole thereof; these answering Defendants further deny that Plaintiffs were

28  injured or damaged in any sum or sums, or at all by reason of any negligent act or omission to act,

23919000.1:05742-0092

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1  or any other conduct on the part of these answering Defendants or any of their agents or

2  employees.

### FIRST AFFIRMATIVE DEFENSE

### [Failure to State Sufficient Facts]

2.    The Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

### [Failure to State a Claim]

3.    The Complaint fails to state a claim upon which relief can be granted against these answering Defendants under any theory.

### THIRD AFFIRMATIVE DEFENSE

### [Comparative Negligence]

4.    These answering Defendants are informed and believe and based upon said information and belief allege, that at the time and place in question, Plaintiffs were negligent in the manner in which they performed those activities in which they were then and there engaged which proximately contributed to the happening of the incident described in the Complaint, thereby reducing any recovery obtained by the Plaintiffs in direct proportion to the amount of their negligence.

### FOURTH AFFIRMATIVE DEFENSE

### [Wrongful Conduct of Third Party]

5.    These answering Defendants are informed and believe and based thereon allege, that any and all events and happenings in connection with the allegations contained in Plaintiffs' Complaint were proximately caused and contributed to by the negligence and other legal fault of said Plaintiffs and other third parties, and were further proximately caused and contributed to by the negligence and other legal fault of persons or entities other than the Plaintiffs and that if Plaintiffs recover any sums whatsoever herein, each amount must be reduced and proportioned to the extent that Plaintiffs' own negligence and other legal fault and the fault of other third parties proximately caused and contributed to Plaintiffs' claimed injuries and damages, and that if there is

1  any verdict in favor of said Plaintiffs against these answering Defendants, said verdict should be in
2  proportion to these answering Defendants' pro rata responsibility and to the extent that is
3  necessary, these answering Defendants may be entitled to partial indemnity from others on a
4  comparative basis.

5                              **FIFTH AFFIRMATIVE DEFENSE**

6                         **[Several Liability for Non-Economic Damages]**

7       6.      The liability if any, of these answering Defendants is limited by provisions of <u>Civil</u>
8  <u>Code</u>, § 1431.2.

9                              **SIXTH AFFIRMATIVE DEFENSE**

10                             **[Failure to Mitigate Damages]**

11      7.      These answering Defendants are informed and believe, and based on said
12 information and belief allege, that Plaintiffs failed to mitigate their damages by exercising
13 reasonable care and diligence to avoid loss and minimize resulting damages, as such, Plaintiffs
14 cannot recover for losses that may have been prevented by reasonable efforts and expenditures.

15                             **SEVENTH AFFIRMATIVE DEFENSE**

16                             **[Statute of Limitations]**

17      8.      Plaintiffs' entire action is barred by the statute of limitations set forth in <u>Code of</u>
18 <u>Civil Procedure</u> § 335 *et seq*.

19                             **EIGHTH AFFIRMATIVE DEFENSE**

20                             **[Assumption of Risk]**

21      9.      Any damage or injury by the Plaintiffs was caused by risks of which Plaintiffs were
22 well aware or reasonably should have been aware, and which Plaintiffs voluntarily assumed.

23                             **NINTH AFFIRMATIVE DEFENSE**

24                             **[No Breach of Duty]**

25      10.     Any damage or loss sustained by Plaintiffs were proximately caused by an
26 unavoidable accident insofar as Defendants are concerned, and occurred without any negligence,
27 want of care, default or breach of duty to Plaintiffs on the part of Defendants.
28 ///

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

## TENTH AFFIRMATIVE DEFENSE

### [Uncertainty]

11.     Plaintiffs' Complaint, and each cause of action presented therein, is vague ambiguous and uncertain.

## ELEVENTH AFFIRMATIVE DEFENSE

### [No Proximate Causation]

12.     The damages sustained by Plaintiffs, if any, were proximately caused by unforeseeable acts, omissions, negligence, fraud and/or breach of obligations by persons other than these answering Defendants and beyond these answering Defendants' supervision and control.

## TWELFTH AFFIRMATIVE DEFENSE

### [Lack of Foreseeability]

13.     The injuries to Plaintiffs did not occur in a way which was reasonably foreseeable as a consequence of Defendants' conduct or lack of conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Injury Caused by Plaintiffs' Condition]

14.     Any injury or damage suffered by Plaintiffs, whether alleged or otherwise, was a direct, proximate and sole result of Plaintiffs' emotional, mental and/or physical bodily condition and constitutional composition on, prior and subsequent to all times mentioned in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Laches]

15.     Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of these answering Defendants, whereby the Complaint, and each cause of action therein, is barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Estoppel]

16.     Plaintiffs have waived their right to and/or are estopped, in whole or in part, from asserting the claims alleged in their Complaint by virtue of Plaintiffs' own acts or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Civil Code §3333.4]

17.     Plaintiffs' recovery is limited by California Civil Code § 3333.4.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [No Duty]

18.     Defendants are informed and believe and on that basis allege that Defendants did not owe any duty to Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Due Care]

19.     Defendants are informed and believe and on that basis allege that at all times relevant, Defendants acted with due care and in accordance with all statutory and regulatory requirements.

## NINETEENTH AFFIRMATIVE DEFENSE

### [Substantial Factor]

20.     Defendants deny that any acts or omissions on their part were a substantial factor in bringing about the injuries, losses or damages, if any, for which Plaintiffs seek recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Unavoidable Incident]

21.     Defendants are informed and believe and on that basis allege that any and all injuries, losses or damages, if any, were the direct and proximate result of an unavoidable incident or condition and, as such, were an act of God, without fault or liability on the part of Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Foreseeability]

22.     Defendants are informed and believe and on that basis allege that the events of which Plaintiffs complain do not arise from circumstances reasonably foreseeable to these answering Defendants and were not within their reasonable ability to control.

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### [Remoteness]

3   23.   Defendants are informed and believe and on that basis allege that the damages

4   alleged in the Complaint are impermissibly remote and speculative, and, therefore, Plaintiffs are

5   barred from recovery of any such damages against these answering Defendants.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### [Superseding Negligence]

8   24.   Defendants are informed and believe and on that basis allege that Plaintiffs' claims

9   are barred or limited by the superseding or intervening negligence or other acts or omissions of co-

10  defendants and/or other third parties over whom Defendants have no control, and if Defendants

11  acted in any manner negligently or wrongfully, which these Defendants expressly deny, the

12  negligence, other acts or omissions of co-defendants and/or third parties constituted an intervening

13  and superseding cause of all damages alleged in the Complaint.

14

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

15

### [Causation]

16  25.   Defendants deny that any acts or omissions on its part actually and/or proximately

17  caused or contributed in any manner to any injuries, losses or damages, if any, for which Plaintiffs

18  seek recovery.

19

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

20

### [Industry Standards]

21  26.   Defendants are informed and believe and on that basis allege that at all relevant

22  times, Defendants acted in conformity with industry standards based upon the state of knowledge

23  existing at the time alleged in the Complaint and therefore, Plaintiffs are barred from any recovery

24  in the within action.

25

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26

### [Indemnity]

27  27.   Defendants are informed and believe and, on that basis, allege that if they are held

28  liable for the events and occurrences as set forth in the Complaint, said liability will be based

solely on a derivative form of liability not resulting from the conduct of the Defendants, but, instead, rising only from an obligation imposed by a law. As such, Defendants will be entitled to and are entitled to complete and total express and/or and implied indemnity from other defendants, cross-defendants or third-parties not yet a party to this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### [Other Defenses]

28. Because the Complaint is couched in conclusory terms, any and all other affirmative defenses available to these answering Defendants are herewith reserved for all purposes, and these answering Defendants hereby reserve the right to amend and supplement their affirmative defenses upon discovery of further information regarding the alleged claims for coverage.

WHEREFORE, Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and MAURILIO VELAZQUEZ pray that Plaintiffs take nothing by way of their Complaint on file herein, that these answering Defendants be dismissed and awarded costs of suit incurred herein, and for such other and further relief as the Court may deem just and proper.

DATED: March 24, 2022                    WOOD, SMITH, HENNING & BERMAN LLP

By: _____

    ASHLEY B. BEAGLE
    MOHAMMAD TABEL
Attorneys for SWIFT TRANSPORTATION CO. OF ARIZONA LLC; a Limited Liability Corporation, MAURILIO VELAZQUEZ; an individual

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

3

**TO THE COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF**

**RECORD:**

4

**PLEASE TAKE NOTICE** that Defendants, SWIFT TRANSPORTATION CO. OF

5

ARIZONA, LLC and MAURILIO VELAZQUEZ hereby request a trial by jury.

6

7

DATED:  March 24, 2022          WOOD, SMITH, HENNING & BERMAN LLP

8

9

10

By: _____

11

ASHLEY B. BEAGLE

MOHAMMAD TABEL

12

Attorneys for Defendants, SWIFT

TRANSPORTATION CO. OF ARIZONA, LLC, and

13

MAURILIO VELAZQUEZ

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

## PROOF OF SERVICE

### Lozano v. Swift Transportation Co. of Arizona, LLC, et al.
### Case No. 22STCV05383

I am employed in the County of Riverside, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 21804 Cactus Avenue, Suite 200, Riverside, CA 92518-3010.

On March 24, 2022, I served the following document(s) described as **DEFENDANTS SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. AND MAURILIO VELAZQUEZ'S ANSWER TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address aphelpscharles@wshblaw.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 24, 2022, at Riverside, California.

_____
Alexandra Phelps-Charles

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779.5000 ♦ FAX 951 755.1650

23919000.1:05742-0092

-9-

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1

2

**SERVICE LIST**
**Lozano v. Swift Transportation Co. of Arizona, LLC, et al.**
**Case No. 22STCV05383**

3  Michael A. Sanchez, Esq.
   Giancarlo Mendez, Esq.
4  Arya Tahmassebi, Esq.
   **MENDEZ & SANCHEZ, A.P.C.**
5  5440 E. Beverly Blvd.
   Los Angeles, California 90022-2208
6  Telephone No.: (323) 838-1444
   Facsimile No.: (323) 838-1226
7  Email: msanchez@mswlegal.com
   arya@mswlegal.com
8  gmendez@mswlegal.com

9  **Attorneys for Plaintiff, ALFREDO LOZANO**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

23919000.1:05742-0092

-10-

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

**PROOF OF SERVICE**

**Lozano v. Swift Transportation Co. of Arizona, LLC, et al.**
**Case No. 22STCV05383**

I am employed in the County of Riverside, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 21804 Cactus Avenue, Suite 200, Riverside, CA 92518-3010.

On March 24, 2022, I served the following document(s) described as **DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT: DECLARATION OF ASHLEY B. BEAGLE IN SUPPORT THEREOF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address aphelpscharles@wshblaw.com to the persons at the electronic notification address listed in the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 24, 2022, at Riverside, California.

_____
Alexandra Phelps-Charles

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

1

2

### SERVICE LIST
### Lozano v. Swift Transportation Co. of Arizona, LLC, et al.
### Case No. 22STCV05383

3   Michael A. Sanchez, Esq.
    Giancarlo Mendez, Esq.
4   Arya Tahmassebi, Esq.
    **MENDEZ & SANCHEZ, A.P.C.**
5   5440 E. Beverly Blvd.
    Los Angeles, California 90022-2208
6   Telephone No.: (323) 838-1444
    Facsimile No.: (323) 838-1226
7   Email: msanchez@mswlegal.com
    arya@mswlegal.com
8   gmendez@mswlegal.com

9   **Attorneys for Plaintiff, ALFREDO LOZANO**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951 779 5000 ♦ FAX 951 755 1650

23919495.1:05742-0092                          -2-